**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

```
CORPORAL DANIEL KLINE,          )
et al.,                         )
                                )
            Plaintiffs,         )    Civil Action No. 06-642
                                )
      v.                        )    Judge Flowers Conti
                                )    Magistrate Judge Caiazza
ALAN VALENTIC, et al.,          )
                                )
            Defendants.         )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

It is respectfully recommended that the District Court dismiss with prejudice the Plaintiff's First Amendment claims against the Valentics, and decline to exercise supplemental jurisdiction over the state law claims asserted against them.

The District Court previously advised that, "[i]n light of the Plaintiff's inability to assert First Amendment claims against the State Defendants, it is hard to imagine how he can proceed against [the] Valentic[s]" in this regard.  *See* Nov. 21st R&R (Doc. 30) at 10, *adopted by* Mem. Order dated Dec. 21, 2006 (Doc. 32).  The court did not then resolve the issue *sua sponte*, believing the parties might be able to amicably resolve their remaining claims.  *See generally* Mem. Order at 1-2 (directing parties to appear before magistrate judge and discuss possible settlement of case).

The parties' settlement negotiations were unsuccessful, and it is time to reach the remaining claims.

Through its adoption of the previous R&R, the District Court dismissed with prejudice the Plaintiff's First Amendment claims against the State Defendants.  *See* Nov. 21st R&R at 3-4.  Having failed to demonstrate a constitutional violation in connection with the state actors, it follows that the Plaintiff cannot do so regarding the Valentics.  *See, e.g.,* Slusarchuk v. Hoff, 346 F.3d 1178, 1183 (8th Cir. 2003) ("[a]bsent a constitutional violation, there [can be] no actionable conspiracy claim") (citation and internal quotations omitted), *cert. denied*, 541 U.S. 988 (2004); Startzell v. City Of Phila., 2007 WL 172400, *17 (E.D. Pa. Jan. 18, 2007) (where "there is no underlying violation of [the] plaintiff['s] First Amendment rights, . . . . [t]his removes the basis for a Section 1983 conspiracy claim").[1]  The Plaintiff's First Amendment claims should be dismissed.

In light of the recommended dismissal of the only federal claim brought against the Valentics, the District Court should decline to exercise supplemental jurisdiction over the state law claims against them.  *See* Nov. 21st R&R at 10

---

[1]  The First Amendment claims against the Valentics also fail because the Plaintiff has alleged no facts linking the conduct of these Defendants with that of the state actors.  *See, e.g.*, Harmon v. Delaware Sec'y of State, 2005 WL 2982216, *1 n.3 (3d Cir. Nov. 8, 2005) ("a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants," and "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim") (citing and quoting published decisions); Rivoli v. Gannett Co., Inc., 327 F. Supp.2d 233, 245 (W.D.N.Y. 2004) ("conclusory allegation[s] that a private entity acted in concert with a state actor do[] not suffice to state a § 1983 claim against the private entity") (citation and internal quotations omitted).

("absent extraordinary circumstances, where the federal causes of action are dismissed the district court should ordinarily refrain from exercising [supplemental] jurisdiction") (citing and quoting <u>Bright v. Westmoreland County</u>, 380 F.3d 729, 751 (3d Cir. 2004)). The same holds true for the Valentic's counterclaims. *Id.* ("abuse of process and malicious prosecution are state law claims") (citing <u>Werner v. Plater-Zyberk</u>, 799 A.2d 776, 784-87 (Pa. Super.), *appeal denied*, 806 A.2d 862 (Pa. 2002)).[2]

For these reasons, the District Court should dismiss with prejudice the First Amendment claims against the Valentics (*see* Compl. at Count I), and it should dismiss the state law claims against them (*see id.* at Count III) without prejudice to

---

[2]  While it is possible that Mr. Kline may proceed with a federal claim against the State Defendants regarding the "racial profiling" incident, this is no impediment to the District Court's decline of supplemental jurisdiction. *Compare* Dec. 21st Mem. Order at 2 (granting Plaintiff leave to "amend Count IV of the Complaint, making last and best efforts to state viable claim(s) of reverse-race discrimination") *with, e.g.,* <u>Lentz v. Mason</u>, 961 F. Supp. 709, 717 (D.N.J. 1997) ("when all federal claims against <u>a party</u> have been eliminated from a case, the district court may . . . decline to exercise supplemental jurisdiction over the remaining state law claims") (citations omitted, emphasis added); *see also* <u>Flood v. Makowski</u>, 2004 WL 1908221, *33 (M.D. Pa. Aug. 24, 2004) (indicating same).  And while the court may choose to exercise supplemental jurisdiction based on considerations of judicial economy, convenience, and fairness, *see* <u>Flood</u>, 2004 WL 1908221 at *33, these factors do not counsel in favor of retaining jurisdiction here.  Simply put, the only claims remaining against the Valentics sound in state law, and the only possible federal claim against the State Defendants involves an incident in which the Valentics had no involvement. *See* Compl. (Doc. 1) at Count IV (allegations of discrimination based on Plaintiff's purported racial profiling are limited to State Defendants).  The road rage and racial profiling incidents remain unconnected, and there is no reason to proceed in federal court on the state law claims arising from the former.

refiling in state court.  As a consequence, the only claims that may proceed here are found in Count IV, subject to the Plaintiff's filing of amended pleadings that state viable claims of reverse-race discrimination.  *See generally* Dec. 21st Mem. Order at 2.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by February 16, 2007.[3]  Responses to objections are due by February 26, 2007.

January 31, 2007

cc (via email):

Don Bailey, Esq.
Sheri D. Coover, Esq.
Arnold Y. Steinberg, Esq.
Robert A. Willig, Esq.

Francis X. Caiazza
U.S. Magistrate Judge

---

[3]  The Valentics have not filed a motion to dismiss the Plaintiff's First Amendment claim, so the above Report recommends a *sua sponte* ruling.  The Plaintiff has received notice, and his opportunity to respond may be had through the objections process.  *See, e.g.,* <u>U.S. v. Lee</u>, 1998 WL 292388, *2 (10th Cir. May 28, 1998) (objections to report and recommendation provide party "ample opportunity to respond" to recommended *sua sponte* ruling).