```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA


CORPORAL DANIEL KLINE,        )
et al.,                       )
                              )
          Plaintiffs,         )   Civil Action No. 06-642
                              )
     v.                       )   Judge Flowers Conti
                              )   Magistrate Judge Caiazza
ALAN VALENTIC, et al.,        )
                              )
          Defendants.         )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

It is respectfully recommended that the Defendant's Motion to Dismiss (Doc. 36) be granted, and the Court should dismiss with prejudice the only remaining claim(s) in this lawsuit, found in Count IV of the Complaint.

In a previous Report and Recommendation, the undersigned explained that the court and the Defendants were having trouble deciphering Count IV of the Complaint. *See generally* Nov. 21st R&R (Doc. 30) at 6-9. As a consequence,

> it [wa]s recommended that the Plaintiff be ordered to amend Count IV, making last and best efforts to state viable claim(s) of reverse-race discrimination. No further opportunities for amendment should be afforded, and counsel should remain mindful that it is their duty, not the court's, to identify any appropriate legal theory or theories on which to proceed. . . . Once the amended pleading has been filed, the Defendants should be permitted to renew their motion to dismiss.

*Id.* at 9.

The District Court adopted the recommendation, and the Plaintiff was directed to "adhere to the instructions stated in the magistrate judge's Report." *See* Mem. Order dated Dec. 21, 2006 (Doc 32). Consistent with those instructions, the undersigned later ordered that "[t]he Plaintiff's amendments to Count IV [we]re due by 2/20/2007." *See* text Order of Jan. 29, 2007. That date came and went, and no amended pleadings have been filed.

The court's direction was not permissive; it was an Order. The Order was made within the context of explaining why the current pleadings were insufficient under the Federal Rules. Given the Plaintiff's failure to comply with the Order, his claim(s) in Count IV should be dismissed with prejudice.

The result is the same on the merits. Regardless of the specific constitutional provision(s) and/or enabling statute(s) implicated, Officer Kline cannot state viable claims for retaliation or reverse-race discrimination.

As to retaliation, the Plaintiff's First Amendment claims already have been dismissed with prejudice. *See* Nov. 21st R&R at 3-4, 7; Dec. 21st Mem. Order at 1. Officer Kline, moreover, has failed to identify protected activity in the form of complaints regarding alleged discrimination. *See* <u>Williams v. Philadelphia Housing Auth. Police Dept.</u>, 380 F.3d 751, 759 (3d Cir. 2004) ("[i]n order to establish a *prima facie* case of

illegal retaliation under the anti-discrimination [laws], a plaintiff must show . . . protected employee activity") (citations and internal quotations omitted), *cert. denied*, 544 U.S. 961 (2005); Curay-Cramer v. Ursuline Academy of Wilmington, Delaware, Inc., 450 F.3d 130, 135 (3d Cir. 2006) (to engage in protected activity, plaintiff must "specifically complain about . . . discrimination"; "[a] general complaint of unfair treatment is insufficient to establish protected activity") (citations omitted).[1]

The Plaintiff's reverse race discrimination claim is likewise a nonstarter. To state a *prima facie* case of reverse race discrimination, a plaintiff must establish that the defendants treated him less favorably than others because he was white. Stiffler v. Equitable Resources, Inc., 2006 WL 2794548, *9 n.6 (W.D. Pa. Sept. 27, 2006) (McVerry, J.) (citing published Third Circuit authority). Here, Officer Kline claims that he was treated unfavorably because he allegedly engaged in racial profiling. Racial profiling, however, is not an activity limited

---

[1] Setting aside the already-dismissed First Amendment claims, the Plaintiff does not appear to understand the principles underlying the prohibition of retaliation under the anti-discrimination laws. *Cf.* Pl.'s Objs. (Doc. 31) to Nov. 21, 2006 R&R (Doc. 30) at 3 (arguing Plaintiff was retaliated against for "prosecut[ing] . . . criminal activit[y]" undertaken by African-American individual). "Retaliation" is a term of art, and it is more specific than retaliation in the general sense. It means the employer retaliated against the employee for complaining about unlawful discrimination. Under no reasoned analysis can the Plaintiff's arrest of an African-American individual qualify as "protected activity," and Officer Kline's retaliation claim is without basis.

to persons of Caucasian descent. Indeed, an African-American officer could easily engage in the racial profiling of African-American suspects, individuals of Middle-Eastern descent, and so forth. That the Defendants allegedly treated the Plaintiff unfavorably based on his purported racial profiling does not support a reasonable inference that said treatment was related to his skin color. *Cf.* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997) (in analyzing claims under Rule 12(b)(6), courts should "reject[] . . . unsupported [legal] conclusions, unwarranted inferences [and] deductions") (citations and internal quotations omitted, emphasis added).

In sum, there is a logical disconnect between the Plaintiff's allegations of unfair treatment and his claims for racial and retaliatory discrimination. Irrespective of the enabling statute(s) or constitutional provision(s) invoked, he cannot state claims upon which relief may be granted. His remaining claims therefore should be dismissed.[2]

---

[2] In its January 29, 2007 scheduling Order, the court set deadlines for the Plaintiff's amended pleadings (2/20/2007), the Defendants' renewed motion to dismiss (3/13/2007), and the Plaintiff's response to the renewed motion (3/26/2007). *See id.* Although the instant Report precedes Officer Kline's response deadline, counsel has no basis to object. Given the Plaintiff's failure to adhere with the amendment directive, there was no need for the Defendants to renew their Motion to Dismiss. The pleadings have remained the same, and they still fail under the law.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by April 2, 2007. Responses to objections are due by April 12, 2007.

March 15, 2007

/s/ Francis X. Caiazza
Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

Don Bailey, Esq.
Sheri D. Coover, Esq.
Arnold Y. Steinberg, Esq.
Robert A. Willig, Esq.