**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CORPORAL DANIEL KLINE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 06-642 |
| | ) | |
| v. | ) | Judge Flowers Conti |
| | ) | Magistrate Judge Caiazza |
| ALAN VALENTIC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

On May 18, 2006, this case was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrates Judges Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On March 15, 2007, the magistrate judge issued a Report (Doc. 38) recommending that the Defendants' Motion to Dismiss (Doc. 36) be granted, and that the court dismiss with prejudice the only remaining claims in this lawsuit. Service of the Report and Recommendation was made on the parties, and the Plaintiffs filed Objections on April 2, 2007. *See* Doc. 40. The magistrate judge in the Report, among other things, commented on the difficulties the court and the Defendants had with respect to understanding the legal theory advanced in Count IV of the complaint. Previously, the Plaintiffs, who are represented by counsel, were provided the opportunity to amend that count and were advised to make "last and best efforts to state viable claim(s) of reverse-race discrimination." Nov. 21, 2006 Report and Recommendation at 9 (Doc. 30), adopted by this court on December 21, 2006. (Doc. 32). The Plaintiffs, however, declined

to file an amended complaint choosing instead, as noted in their objections to the Report, to proceed on the count as plead.

This court concurs with the analysis and conclusion set forth in the Report.  A motion to dismiss tests the legal sufficiency of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits.  Rather, when considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and views them in a light most favorable to the plaintiff.  U.S. Express Lines Ltd. V. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"  Kost, 1 F.3d at 183 (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d. ed. 1990)).  A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if, accepting as true the facts alleged and all reasonable inferences that can be drawn therefrom, there is no reasonable reading upon which the plaintiff may be entitled to relief.  Vallies v. Sky Bank, 432 F.3d 493, 494 (3d Cir. 2006).  Moreover, the court is under a duty to examine the complaint independently to determine if the factual allegations set forth could provide relief under any viable legal theory.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The Plaintiffs must set forth sufficient information that would allow the court to infer that, accepting plaintiffs' allegations as true, the Defendants violated the Plaintiffs' federal rights. Kost 1, F.3d at 183.  The Federal Rules of Civil Procedure do not require a plaintiff to set out in his or her complaint the specific facts that entitle him or her to relief, but rather only a "short and plain statement of the claim."  FED. RULE CIV. P. 8(a)(2).  "Bald assertions" or "legal

conclusions," however,  are not required to be credited in making the determination with respect

to whether there is a set of facts on which to determine that a claim has been stated.  See Morse

v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a

complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.").

     In In re Westinghouse Securities Litigation, 90 F.3d 696 (3d Cir. 1996), the court

commented:  "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity

and brevity by the federal pleading rules."  Id. at 702.  The relevant facts of Westinghouse are

similar to the facts here.  In Westinghouse, like in this case, the plaintiffs were provided an

opportunity to amend and were warned, "that failure to replead would result in the dismissal of

those claims."  Id. at 704.  The plaintiffs there, like here, failed to replead and the court of

appeals upheld the district court's dismissal of those claims with prejudice.  The court of appeals

noted: "As we recently stated in a different but analogous context, 'it is difficult to conceive of

what other course the court could have followed.'"  Id. (quoting Spain v. Gallegos, 26 F.3d 439,

455 (3d Cir. 1994)).  Here, this court and the magistrate judge had difficulty understanding what,

if any, viable legal theory was implicated in Count IV and provided the Plaintiffs an opportunity

to amend their complaint.  The magistrate judge in the Report and Recommendation dated

November 21, 2006 (Doc. No. 30), which was adopted by this court (Doc. No. 32), described the

"shot gun" approach included in Count IV and the difficulty in determining whether any viable

theory was set forth in that count.  The Plaintiffs have not amended their complaint.  The same

difficulties to comprehend whether there is a viable legal theory implicated in Court VI

continues.  The recommendation of dismissal of that count is appropriate under these

circumstances.

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the objections thereto, the following Order is entered:

AND NOW, on this 30th day of April, 2007, IT IS HEREBY ORDERED that the Defendants' Motion to Dismiss (**Doc. 36**) is **GRANTED**, and the only remaining claims in this lawsuit, found in Count IV of the Complaint, are **DISMISSED WITH PREJUDICE**.

The Report and Recommendation of Magistrate Judge Caiazza dated March 15, 2007 is hereby adopted as the opinion of the District Court, and the Clerk is directed to mark this case closed.


/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

cc: counsel of record.